## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  No. CV-05-1344 JP/ACT
                                        CR-92-334 JP

JAMES RAY HUNTER,

    Defendant.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 44) filed December 27, 2005. *See* 28 U.S.C. § 2255 R. 4(b). Defendant pled guilty to a superseding information charging him as a felon in possession of a firearm. *See* 18 U.S.C. § 924(e)(1). On July 15, 1993, the Court entered judgment on Defendant's conviction. Defendant did not appeal his conviction or sentence. Defendant claims that his sentence is illegal under the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005). He also contends that the Court failed to exclude time from the sentence for Defendant's pre-sentence confinement. In a separate motion, Defendant asks for a stay of the § 2255 proceeding so that he can "receive information from his attorney."

Defendant's allegations of illegal sentence do not support claims for relief. The *Blakely* decision applied the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that a sentence greater than the statutory maximum must be based on facts found by a jury beyond a reasonable doubt. *See Blakely*, 542 U.S. at ---, 124 S. Ct. at 2536. The Court in

*Blakely* set aside a state court sentence greater than the state's guideline range for the offense stipulated in the defendant's guilty plea. *See id.*, 542 U.S. at ---, 124 S. Ct. at 2538. The more recent decision in *Booker* stated that the "statutory maximum" in federal sentencing is the sentence that may be imposed under the U.S. Sentencing Guidelines based only on facts that are admitted or found by a jury beyond a reasonable doubt. *Booker*, --- U.S. at ---, ---, 125 S. Ct. at 749, 756. The Court in *Booker* also ruled the mandatory application of the United States Sentencing Guidelines is unconstitutional. *See id.*, --- U.S. at --- - --, 125 S. Ct. at 756-56.

These rulings are not available to Defendant on collateral review of his criminal conviction or sentence. *See United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005); *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004). For purposes of retroactivity analysis, the decisions in *Blakely* and *Booker* merely apply the rule previously announced in *Apprendi*, *see Blakely*, 542 U.S. at ---, 124 S. Ct. at 2536, and thus provide no avenue to Defendant in a § 2255 proceeding, *see Leonard*, 383 F.3d at 1148. These decisions apply only to pending cases and those on direct review. *See Booker*, --- U.S. at ---, 125 S. Ct. at 769; *Bellamy*, 411 F.3d at 1186. Defendant is not entitled to relief under these decisions, and the Court will dismiss this claim.

No relief is available on Defendant's claim that the Court failed to grant credit for pre-sentence time in custody. The United States Attorney General, through the Bureau of Prisons ("BOP"), has the responsibility of administering a federal sentence, including computation of jail-time credit for pre-trial incarceration. *See United States v. Wilson*, 503 U.S. 329, 337 (1992). A district court may review the computation of jail-time credit against a federal sentence if the prisoner brings a § 2241 petition after exhausting administrative remedies before the BOP. *See id.* at 335-36;

*Bennett v. United States Parole Commission*, 83 F.3d 324, 328 (10th Cir. 1996).  This claim will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Defendant's motion to stay (CV Doc. 2; CR Doc. 43) filed December 27, 2005, is DENIED;

IT IS FURTHER ORDERED that Defendant's claim of credit for pre-sentence confinement is DISMISSED without prejudice; otherwise Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 44) filed December 27, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE